UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CF CAPITAL ASSETS, LLC, *et al.*, :
: CASE NO. 1:10-CV-1254
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 8]
SUNWEST EMPLOYER :
SERVICES, INC., *et al.*, :
:
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this breach of contract and employee benefits case, Defendants Sunwest Employer Services, Inc. also known as Sunwest Employer Services III, Inc., Sunwest Employer Services, Inc. Group Medical and Dental Plan, and Enterprising Solutions, Inc. (collectively "Sunwest") move the Court to dismiss this case under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or alternatively, to transfer the case to the United States District Court for the District of Arizona, Phoenix Division under 28 U.S.C. 1404(a). [Doc. 8 at 1.] Defendants move to dismiss or transfer based upon a forum-selection clause contained in the contract at issue. [Doc. 8 at 3.] For the reasons that follow, the Court **DENIES** Defendant's motion to dismiss under Rule 12(b)(3) and § 1406(a) and **DENIES** the Defendant's motion to transfer under § 1404(a).

**I. Background**

-1-

Case No. 1:10-CV-1254
Gwin, J.

Plaintiff CF Capital Assets LLC ("CF Capital") and its contract employees Plaintiffs John Call, Yvonne Call, Laura Toth, and Ross Boyer, together seek unpaid medical benefits and damages from Defendant Sunwest, an employment services and staffing company.

In 2000, Defendant Sunwest (formerly Sunwest P.E.O, as predecessor in interest) entered into a "Co-Employer Agreement" with Plaintiff CF Capital (formerly CFM Management Co., as predecessor in interest). [Doc. 1-1 at 4.] Under the parties' Co-Employer Agreement, Sunwest provided employment related services and leased contract employees (the individual Plaintiffs) to CF Capital. In return for Sunwest's employment services, CF Capital paid Sunwest a fee for its staffing service and paid the individual contract employee Plaintiffs' wages and benefits. [Doc. 1-1 at 4.]

Plaintiffs say Sunwest was contractually required to provide the individual contract employee Plaintiffs with medical and dental insurance. Under the Agreement, Plaintiffs continue, the contract employees "paid part of the cost of their medical/dental insurance benefit from their own funds and the remainder was paid by [CF Capital]. All of the funds were paid to Sunwest for the medical and dental insurance benefit." [Doc 1-1 at 5.]

In 2009, Plaintiffs say Sunwest breached the Co-Employer Agreement by wrongfully terminating the medical and dental insurance plan. [Doc 1-1 at 6.] As a result of the breach, Plaintiffs say, they were forced to pay for their own medical expenses that should have been covered by the plan. [Doc 1-1 at 7.] The medical and dental plan was an employee benefit plan regulated by the Employee Retirement Income Security Act of 1979 ("ERISA"). [Doc. 8 at 5.] Against this backdrop, Plaintiffs bring claims for breach of contract, conversion, fraud, and deceptive insurance practices. [Doc. 1 at 4-9.]

Case No. 1:10-CV-1254
Gwin, J.

In support of its motion to dismiss or transfer, Defendant says that the Co-Employer Agreement contains an enforceable forum-selection clause that requires Plaintiffs to bring this suit in Arizona. [Doc. 8 at 1.] The Co-Employer Agreement provides in relevant part:

> This Agreement shall be construed in accordance with and governed by the laws of the State of Arizona. If any dispute or litigation arises out of this Agreement, Maricopa County, State of Arizona shall have sole and exclusive jurisdiction of such disputes or litigation.

[Doc. 8 at 3.] Defendant says this forum-selection clause is binding, enforceable, and applicable to this case. Sunwest moves the Court to dismiss this case because of the forum-selection clause under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C § 1406(a), or alternatively, to transfer venue pursuant to 28 U.S.C. § 1404(a).

## II. Legal Standards & Analysis

*A. 12(b)(3) Motion to Dismiss Based on Forum-selection Clause*

The Defendants move this Court to dismiss under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) based upon a forum-selection clause contained in the Co-Employer Agreement. However, when jurisdiction and venue are otherwise proper, a defendant cannot bring a Rule 12(b)(3) or Section 1406(a) motion to enforce a forum-selection clause. *See Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 534-35 (6th Cir. 2002) (Rule 12(b)(3)); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 n.8 (1988) (Section 1406(a)).

This case originated in state court in Ohio and was removed to federal court pursuant to 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

-3-

Case No. 1:10-CV-1254
Gwin, J.

> action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

The action was removed to the this Court from state court within an area embraced by the Northern District of Ohio. Therefore, the action was removed to the sole venue permitted by Section 1441(a).

Accordingly, for the reasons stated in *Kerobo* and *Stewart*, the Court will consider the enforceability of the forum-selection clause under Section 1404(a), and denies Defendant's Rule 12(b)(3) and Section 1406(a) motion to dismiss based on the forum-selection clause.

*B. Motion to Transfer Venue under 28 U.S.C. § 1404(a)*

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has discretion whether to transfer a case under Section 1404. *Kerobo,* 285 F.3d at 531, 537. Beyond the complaint, courts examine other evidence of convenience, public interest, and even the ends of justice. *See Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

In considering a motion to transfer venue based on § 1404(a), the court "weigh[s] a number of case-specific factors such as the convenience of the parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading 'the interest of justice.'" *Kerobo*, 285 F.2d at 537. Within this analysis, a forum-selection clause "should receive neither dispositive consideration . . . nor no consideration . . . ." *Id.* at 358.

In this case, a forum-selection clause exists. The Court, therefore, must undertake a three-step analysis in ruling on the motion to transfer venue. *See Ohio Learning Centers, LLC v. Sylvan Learning, Inc.*, 1:10-CV-1062, 2010 WL 2803042, at *5 (N.D. Ohio July 14, 2010). First, this Court

Case No. 1:10-CV-1254
Gwin, J.

must determine whether a enforceable forum-selection clause governs the Plaintiffs' claims. Second, if the forum-selection clause does apply, this Court then looks to whether it is nevertheless unenforceable for reasons given by the Sixth Circuit in *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369 (6th Cir. 1999). And finally, this Court balances the § 1404(a) factors, considering the forum-selection clause as one factor.

As a threshold issue, the Court must decide whether the forum-selection clause applies to all the Plaintiffs. The clause says: "If any dispute or litigation arises out of this Agreement, Maricopa County, State of Arizona shall have sole and exclusive jurisdiction of such disputes or litigation." [Doc. 8 at 3.] Individual Plaintiff John Call signed the Co-Employer Agreement on behalf of CF Capital's predecessor. [Doc. 1-1 at 11.] The individual contract employee Plaintiffs say they are not bound by the forum-selection clause. In the same breath, however, those same individual Plaintiffs seek to assert rights under the Co-Employer Agreement as third-party beneficiaries—"Plaintiffs John and Yvonne Call, Laura Toth and Ross Boyer are and were at all times relevant hereto persons whom Sunwest 'leased' to CF as its employees, and they are all third party beneficiaries of the contractual agreements entered into by and between CF and Sunwest and the Plan." [Doc. 1-1 at 5.]

There is surprisingly no Sixth Circuit case law on the issue of whether a forum-selection clause in an ERISA regulated plan is enforceable against a plan beneficiary. However, it is clear that a enforceable forum-selection clause will bind an intended third-party beneficiary to a contract. *See Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1106 (6th Cir.1997); *Highway Commercial Serv's, Inc. v. Zitis*, 2008 WL 1809117, at *4 (S.D. Ohio Apr. 21, 2008). And as Judge Schiltz of the Northern District of Minnesota held: "[B]eneficiaries of employer-sponsored ERISA plans are generally not parties to the contract and play no role in negotiating the contract. But the

-5-

Case No. 1:10-CV-1254
Gwin, J.

contract nevertheless defines the rights and obligations of the plan administrator and the beneficiaries. . . . They must take the bad with the good." *Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, *1007 (D. Minn. 2006).(transferring venue based in part forum-selection clause pursuant to Section 1404(a)) Accordingly, all Plaintiffs are party or privy to the forum-selection clause in the Co-Employer Agreement.

Next, the Court must determine whether the forum-selection clause governs the Plaintiffs' breach of contract, fraud, conversion, and deceptive insurance practices claims. First, Plaintiffs' breach of contract claim is based upon Defendant's alleged failure to provide medical and dental benefits as provided in the Co-Employer Agreement, and thus "arises out of" the Agreement.

The forum-selection clause also applies to Plaintiffs' fraud and conversion claims because both claims are directly related to the parties' rights under the Agreement. *See Schmidt v. Lowitz*, 2006 WL 2660637, at *3 (N.D. Ohio Sept. 15, 2006) (plaintiffs' fraudulent misrepresentation claims sound in contract and are thus governed by forum-selection clause); *Albany Ins. Co. v. Banco Mexicano, S.A.*, 1998 WL 730337, at *5 (S.D.N.Y. Oct. 19, 1998) (plaintiff's conversion claim relates directly to interpretation of the contract and thus is covered by the forum-selection clause).

Finally, the forum-selection clause applies to Plaintiffs' deceptive-insurance-practices claim. Plaintiffs say Sunwest was not registered with the Ohio Department of Insurance and thus offering insurance to residents of Ohio violated Ohio statutes. But allegations of violations of Ohio statutes do not automatically override a contractual forum-selection clause. *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 832 (6th Cir. 2009) (forum-selection clause applied to plaintiffs' claims alleging violations of Ohio consumer protection law). The Court, therefore, concludes that the Co-Employer Agreement forum-selection clause governs this dispute.

Case No. 1:10-CV-1254
Gwin, J.

Second, the Court must consider whether the forum-selection clause is otherwise unenforceable. As a general matter, courts presume that a forum-selection clause is valid. *Stewart, 487 U.S. at 29-30*. Although there is some disagreement, courts have enforced forum-selection clauses in ERISA actions. *See, e.g., Sneed v. Wellmark Blue Cross & Blue Shield of Iowa*, 2008 WL 1929985, at *3 (E.D. Tenn. Apr. 30, 2008). As described in *Security Watch*, there are three situations when a court might find a forum-selection clause unenforceable: "(1) [if] it was obtained by fraud, duress, the abuse of economic power or other unconscionable means, (2) [if] the designated forum would be closed to the suit or would not handle it effectively or fairly, or (3) [if] the designated forum would be so seriously an inconvenient forum that to require the plaintiff to bring suit there would be unjust." 176 F.3d at 375 (internal quotations omitted).

Plaintiffs do not argue fraud or duress. Moreover, there is no argument that the District Court for the District of Arizona is not able to hear Plaintiffs' claims. Finally, while moving this case out of Ohio will create some burden for the Plaintiffs, it is not so seriously inconvenient that requiring the Plaintiffs to litigate there would be unjust. The Court, therefore, finds that the forum clause contained in the Co-Employer Agreement is valid and enforceable.

Third and finally, the Court examines whether transfer is in the interests of justice pursuant to Section 1404(a). The presence of a valid forum-selection clause, while not dispositive, is entitled to substantial consideration under court's § 1404(a) analysis. *EGRSCO LLC v. Evans Garment Restoration, LLC*, 2:09-CV-358, 2009 WL 3259423, at *4 (S.D. Ohio Oct. 8, 2009). While courts normally show deference to a plaintiff's choice of forum, the existence of a valid forum-selection clause shifts the burden on a motion to transfer venue to the plaintiff. *Braman v. Quizno's Franchise Co.*, No. 5:07-CV-2001, 2008 WL 611607, at *4-5 (N.D. Ohio, Feb. 20, 2008). In addition to the

-7-

Case No. 1:10-CV-1254
Gwin, J.

forum-selection clause, the district court must weigh a number of case-specific factors reflecting both party-specific and public interests. For the reasons below, the Court finds that Plaintiffs have met their burden to show why they are not bound by the contracted choice of forum.

First, the Court considers the forum-selection clause itself. The clause here is valid and enforceable, and is entitled to substantial consideration in the Section 1404(a) analysis. *EGRSCO, 2009 WL 3259423, at *7*. Thus, it is now Plaintiffs' burden to demonstrate why transfer is inappropriate.

Second, the Court considers the convenience of the parties and witnesses. Plaintiff CF Capital is a Delaware limited liability company, [Doc. 1 at 1], with its principal place of business in Ohio. [Doc. 13-1 at 4.] All individual contract employee Plaintiffs reside in Ohio. [Doc. 13-1 at 4.] Plaintiffs also say their witnesses and evidence is located in Ohio. And with less than $20,000 of damages at issue, Plaintiffs' continue, transfer to Arizona will effectively terminate the case. [Doc. 13-1 at 3.] Sunwest is incorporated in the State of Arizona, and has its principal place of business in Arizona. [Doc. 8 at 9.] Sunwest's lack of legal presence in Ohio is not given much weight, however, because part of Plaintiffs' claim alleges that Sunwest was doing business in Ohio as a unregistered foreign corporation in violation of Ohio law. Accordingly, the convenience of the parties and witnesses favors Plaintiffs.

The Court also considers the public interest and the interests of justice. "Among the public interest factors the court should consider are concern for judicial economy, the court's familiarity with the governing law, the interest in resolving controversies locally, and the relative congestion of the courts." *Ohio Learning Centers*, 2010 WL 2803042, at *7. Because this case is at the motion to dismiss stage, concerns of judicial economy are neutral. But the second factor—familiarity with

Case No. 1:10-CV-1254
Gwin, J.

governing law—favors Plaintiffs.  Although the contract chooses Arizona law, Arizona law will not govern all Plaintiffs' claims.  Certainly, Plaintiffs' deceptive-insurance-practices claim will involve interpretation of Ohio statutes.

The third factor in the interests-of-justice-analysis—the interest in resolving controversies locally—favors Plaintiffs.  This case arises out of a breach of contract to be performed in Ohio.  And while Defendant's may be based out of Arizona, the dispute centers around an employer and employees located in Ohio.  Finally, the fourth factor—relative case loads—is neutral.  *See Administrative Office of the U.S. Courts, Federal Court Management Statistics—2009, United States District Court—Judicial Caseload Profile, available at* http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2009.pl (showing similar docket data for District of Arizona and Northern District of Ohio).  Accordingly, the Court finds that the combined public interest factors strongly favor Plaintiffs.

The Plaintiffs have met their burden in this case.  The Court, therefore, denies the Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss under Rule 12(b)(3) and § 1406(a) and **DENIES** the Defendant's motion to transfer under § 1404(a).

IT IS SO ORDERED.


Dated: September 11, 2010                    *s/  James S. Gwin*
                                             JAMES S. GWIN
                                             UNITES STATES DISTRICT JUDGE